UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 5, 2017

James Langton
Langton & Alter, Esqs.
1600 St. Georges Avenue
PO Box 1798
Rahway, NJ 07065
*Counsel for Plaintiff*

Stuart Weiss
Social Security Administration
Office of the General Counsel
P.O. Box 41777
Philadelphia, PA 19101
*Counsel for Defendant*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

 Re: Crook v. Commissioner of Social Security
    Civil Action No. 17-2116 (SDW)

Counsel:

  Before this Court is Defendant Acting Commissioner of Social Security's ("Defendant" or "Commissioner") Contested Motion to Remand (Dkt. No. 9), and Plaintiff Sophia Crook's ("Plaintiff") Cross-Motion for Reversal. (Dkt. No. 10). This Court, having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, grants Defendant's Motion to Remand and dismisses as moot Plaintiff's Cross-Motion for Reversal.

**I. DISCUSSION**

  On March 30, 2017, Plaintiff filed a Complaint in this Court seeking reversal of Defendant's decision to deny Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Insurance ("SSI"). (Dkt. No. 1.) In her Local Rule 9.1 Statement of Contention, Plaintiff indicated that Defendant should not "bother offering a remand" because Plaintiff seeks a reversal for the payment of benefits from this Court and would "move for same if the Commissioner moves for a remand." (Dkt. No. 8.)

On July 21, 2017 Defendant moved to remand this action for further administrative proceedings pursuant to 42 U.S.C. §405(g), arguing that further evaluation of Plaintiff's disability claim is warranted. (Dkt. Nos. 9; 9-1 at 1.) Specifically, Defendant stipulates that, upon remand, an Administrative Law Judge ("ALJ") will be directed to correct various administrative errors that were made in the previous consideration of Plaintiff's claim. (*See id*. at 4 – 5.) On July 26, 2017, Plaintiff opposed Defendant's motion and cross-moved for reversal of the decision and an award of benefits. (Dkt. No. 10.) Defendant submitted its reply in support of its motion and in opposition to Plaintiff's cross-motion on July 27, 2017. (Dkt. No. 11.)

In reviewing decisions on DIB and SSI applications, district courts may, under 42 U.S.C. § 405(g) affirm, modify, or reverse the decision with or without a remand for a rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984). Where an ALJ fails to fully develop the record, the Third Circuit has instructed district courts to remand to the ALJ with directions to address insufficiencies in the record. *See, e.g., Reefer v. Barnhart*, 326 F.3d 376, 382 (3d Cir. 2003); *see also Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) ("[A] reviewing court may remand a case to the Secretary for good cause, where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits.") (internal quotation marks omitted).

Here, the parties appear to agree that the Commissioner has not determined whether Plaintiff was disabled from the proper time period of June 24, 2012 to March 30, 2013. (Dkt. Nos. 9-1 at 4, 5; 10-1 at 6; 11 at 5.) Indeed, Plaintiff contends that the ALJ "invented a most outrageous and convenient falsification of the record" by considering an inaccurate onset date. (Dkt. No. 10-1 at 6.) Regardless of the cause for the ALJ's erroneous consideration of an incorrect onset date, the record is clearly incomplete without inquiry into Plaintiff's disability status for the correct time period. The failure to properly decide this threshold point and address other issues makes a decision by this Court about Plaintiff's eligibility for benefits inappropriate at this time. This case shall therefore be remanded for consideration of the areas as outlined by the Commissioner that were previously overlooked. (*See* Dkt. No. 9-1 at 1 – 2; 4 – 5.)

## II.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Remand is **GRANTED** and Plaintiff's Cross-Motion for Reversal is **DISMISSED AS MOOT**. The Commissioner's unfavorable decision is reversed and remanded for further administrative proceedings.

**SO ORDERED**.

_____/s/ /Susan D. Wigenton_____
SUSAN D. WIGENTON, U.S.D.J

Orig:   Clerk
cc:        Parties